IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA (Rural Development f/k/a Farmers Home Administration), | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 11-93 |
| vs. | ) ) ) | |
| MARGARITA CONNOR and MARISAH CONNOR, heirs at law of MELVIN CONNOR, deceased; and the unknown heirs, devisees, grantees, assignees, lienors, creditors, trustees, or other claimants by, through, under or against MELVIN CONNOR, deceased; CAVELLE BROWN; BANCO POPULAR de PUERTO RICO; and all parties having a claim, right, title, or interest in the property herein, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's Motion to Amend First Amended Complaint [DE 47] pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands. Defendants oppose the motion. [DE 53].

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff initiated this action for debt and foreclosure by complaint [DE 1] filed September 2, 2011, which was subsequently amended on May 11, 2012 [DE 7]. According to the first amended complaint, on November 14, 1980, Melvin Connor ("Connor"), now deceased, and Cavelle Brown ("Brown") executed a promissory note evidencing a loan in the amount of

*United States of America v. Connor*
Civil No. 2011-93
Page 2

$45,000.00 for the benefit of the United States, acting through Rural Development, an agency of the U.S. Department of Agriculture, which was secured by a mortgage on Plot No. 57-B-8 Estate Smith Bay, Nos. 1-2-3 East End Quarter, St. Thomas, USVI, consisting of 0.317 U.S. Acre, more or less, and as more fully shown and described on OLG Drawing No. F 9-966 T62, and dated June 17, 1962 ("the Property").   On October 6, 1981, Connor and Brown executed a second promissory note evidencing a loan in the amount of $5,000.00 for the benefit of the United States, acting through Rural Development, also secured by a mortgage on the Property.   On February 1, 1988, Brown transferred her interest in the Property by quitclaim deed to Connor. Thereafter, on three separate occasions, plaintiff and Connor recast the terms of both promissory notes pursuant to reamoritization and/or deferral agreements.

Subsequently, Connor and Brown defaulted on their loans.   In 2005, plaintiff brought a prior foreclosure action in this Court.   On November 20, 2007, Connor died and his interest in the Property vested in Connor's children, Margarita Connor and Marisah Connor.   In 2009, a probate proceeding was initiated in the Superior Court of the Virgin Islands.   As a result of the probate proceeding, plaintiff dismissed the prior action without prejudice.   On December 5, 2011, the probate action was administratively closed.   Plaintiff alleges its liens upon the Property are superior to the interests of Connor's children, as well as that of Banco Popular de Puerto Rico ("BPPR").[1]

Plaintiff now seeks to amend the first amended complaint to change the party against whom the claim is asserted.   Plaintiff explains that it has come to its attention that Margarita Connor and Marisah Connor are minors; thus, it seeks to change the named defendants in the

---

[1]   According to plaintiff, a lien against the Property and in favor of BPPR was recorded on September 8, 1997 in the Office of the Recorder of Deeds, St. Thomas, pursuant to a default judgment.

action from Margarita Connor and Marisah Connor to Artemas Julien and Rosemary Julien,

guardians of said minors.[2]  Defendants oppose the motion, contending the amendment would be

futile.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), a party may, after the first amended

pleading, amend its complaint "only with the opposing party's written consent or the court's

leave[,] which [it] should freely give . . . when justice so requires." FED. R. CIV. P. 15(a)(2);

*accord Weight Loss Servs., LP v. Herbal Magic, Inc.*, 2011 U.S. Dist. LEXIS 108043, *5-6 (E.D.

Pa. Sept. 22, 2011); *see Abramsen v. Johanns*, 2010 U.S. Dist. LEXIS 38529, at *10 (D.V.I.

2010) (considering plaintiffs' motion to file a second amended complaint pursuant to Rule

15(a)(2) because  "[p]laintiffs may not amend their first amended complaint as a matter of course

under Rule 15(a)(1)").  Nonetheless, the policy favoring liberal amendments is not "unbounded."

*Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).  A district court may deny leave to

amend a complaint where "it is apparent from the record that (1) the moving party has

demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or

(3) the amendment would prejudice the other party."  *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir.

2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    DISCUSSION

Defendants ask the Court to deny plaintiff's motion to amend "due to futility for failure to

state a claim upon which relief can be granted and failure to join the Estate of Melvin Connor

---

[2]     *See* 5 Williston on Contracts § 9:25 (4th ed.) (explaining if a minor is sued, "it is the duty of his or her general guardian . . .  to appear and defend the action"); FED. R. CIV. P. 17(c)(1) (explaining a general guardian may defend on behalf of a minor).

["the Estate"] which is a necessary and indispensable party."  Defs.' Resp. at 1.  Defendants'
contention is grounded in the erroneous belief that where a decedent dies intestate, "real property
remains vested in the decedent" until "[t]here [is] a distribution granting the heirs title by
adjudication." *Id*. at 2-3.

"Futility" in the context of Rule 15 means the complaint, as amended, would fail to state
a claim upon which relief could be granted.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d
1410, 1434 (3d Cir. 1997); *accord Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (explaining
in determining whether a proposed amendment would be futile, courts apply the same standard
as that applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil
Procedure) (citation omitted).  However, "given the liberal standard for the amendment of
pleadings 'courts place a heavy burden on opponents who wish to declare a proposed amendment
futile.'" *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012) (quoting *Aruanno v. New
Jersey*, 2009 U.S. Dist. LEXIS 2744, at *6 (D.N.J. Jan. 15, 2009)).

"Virgin Islands law recognizes the widely accepted principle of descent providing that all
real-property interests pass to the heirs upon the death of the intestate ancestor and can be
asserted by those heirs immediately."  *Government of Virgin Islands v. Certain Parcels of Land
in Estate Nisky*, 713 F.2d 53, 57 n.10 (3d Cir. 1983) (citations omitted); *see also Martin v. Banco
Popular de P.R.*, 379 Fed. Appx. 185, 188 (3d Cir. 2010) ("Under Virgin Islands law, title to a
decedent's property vests in the decedent's heirs at the moment of death."); *Bank of Nova Scotia
v. Dore*, 2012 V.I. LEXIS 52, at *16 (V.I. Super. Ct. Oct. 19, 2012) (explaining "in the Virgin
Islands, real property passes from a decedent to his or her heirs immediately upon the passing of
the decedent to his or her heirs, even without an administration of decedent's estate");
Restatement (Third) of Property: Wills and Other Donative Transfers, § 2.1 cmt. d ("Heirship is

determined at the decedent's death. The decedent's death is when intestate property passes by intestacy[] to the decedent's heirs.").  Stated differently, under Virgin Islands law, "heirs-at-law succeed to real property of an intestate by operation of law, without the necessity of a formal administration of the estate."  *Certain Parcels of Land in Estate Nisky*, 713 F.2d at 57.  Thus, despite defendants' contention to the contrary, the Property vested in the heirs of Melvin Connor upon his death.

Where real property secures a loan, the heirs take the property subject to the mortgage thereon.  *Dore*, 2012 V.I. LEXIS 52, at *16 (stating "real property passes to heirs subject to any mortgages recorded thereon") (citing *In re Camp*, 78 B.R. 58, 64 (Bankr. E.D. Pa. 1987) ("If an individual inherits a real property which is subject to a note and mortgage, it is obvious that the individual owns property subject to the debt, but is not personally liable.")).  Thus, "[h]eirs are liable to an action by a creditor of a deceased person to recover the debt of their ancestor . . . to the extent of the value of any real property inherited by . . . them [and] . . . *all the heirs who are liable shall be made parties to the action*."  15 V.I.C. § 645 (emphasis added).  This Court is unaware of a Virgin Islands statute requiring a mortgagee proceed against the administrator of the estate of the mortgagor, in addition to the mortgagor's heirs, in order to foreclose its mortgage, and defendants point to none.  *See* 15 V.I.C. § 429 ("Where real property, subject to a mortgage executed by any ancestor . . . , descends to a distributee, . . . such distributee  . . . must satisfy and discharge the mortgage . . . out of his own property, without resorting to the . . . administrator of his ancestor . . . .").  Indeed, as one court explained,

> An administrator is the person through whom any deficiency on the . . . mortgage debt may be collected and he may be made a party defendant and adjudged to pay through his administration of the estate any deficiency which may arise if the plaintiff sees fit to so demand. But it is not incumbent upon the holder of the mortgage to make this demand, *for the only necessary parties defendant to a*

> foreclosure action are the persons having title to the premises covered by the mortgage and those who have acquired liens subsequent to the mortgage.

*Heidgerd v. Cunningham*, 135 A.D. 414, 416 (N.Y. App. Div. 1909) (emphasis added).  Here, the proposed second amended complaint seeks no deficiency judgment; thus, plaintiff is not required to proceed against the personal representative of Connor's estate.[3]  Accordingly, defendants have not met their burden of demonstrating the proposed amendment is "clearly futile." 6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1487 (3d ed. 1998) (explaining "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper").  As a result, under the liberal standards set forth in Rule 15, the Court shall permit plaintiff to make the aforementioned amendment.

## IV.    CONCLUSION

For the foregoing reasons, it is ORDERED that

(1)  Plaintiff's Motion to Amend First Amended Complaint [DE 47] is GRANTED;

(2)  The amended complaint shall be designated the "Second Amended Complaint" and deemed filed as of the date of this Order; and

(3)  Plaintiff shall cause summonses issued by the Clerk of Court along with a copy of the Second Amended Complaint to be promptly served upon the new parties; and

---

[3]     *See Financial Freedom Senior Funding Corp. v. Rose*, 64 A.D.3d 539, 883 N.Y.S.2d 546, 547 (N.Y. App. Div. 2009) (stating "[t]here [was] no need [for the mortgagee] to join the estate of the now-deceased mortgagor . . . [because] he died intestate and the complaint does not seek a deficiency"); *Stewart Drugs, Inc. v. Estate of Funnell*, 16 P.3d 1134, 1136 (Okla. App. 2000) (explaining a creditor may enforce its security interest against decedent's real property without filing a claim with the personal representative of decedent's estate if no deficiency judgment is sought and collecting cases); *Hill v. Hill*, 185 Kan. 389, 396-98, 345 P.2d 1015, 1026-27 (1959) ("The mortgagee is not bound to proceed against the estate of the deceased mortgagor before bringing his action or proceeding to foreclose the mortgage [against the heirs of the mortgagor]. . . . [b]ut where the mortgage is foreclosed without presentation and allowance against the estate of the deceased mortgagor, the collection of the debt will be limited to the proceeds arising from the sale of the mortgaged property") (quoting 1 Wiltsie on Mortgage Foreclosure, § 157)(alterations added); *Fraser v. Bean*, 2 S.E. 159, 160, N.C. 327, 329 (1887)  ("They [the heirs] stood, as to the land and mortgage, in the place of their ancestor, and the plaintiffs' remedy by a foreclosure of the mortgage, was directly against them, whatever additional remedy they may have against the administrator, and without regard to the right of the heir to have the mortgage debt paid out of the personal estate of the intestate. The cause of action – the right of the mortgagee to foreclose the mortgage – survived against the heir, not against the administrator.")

*United States of America v. Connor*
Civil No. 2011-93
Page 7


    (4)  Existing defendants shall respond to the Second Amended Complaint on or before 14
days from the date of this Order.


**Dated:** February 6, 2013          S\_____

                                                    **RUTH MILLER**
                                                  United States Magistrate Judge